# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION ASSOCIATED WITH JUNO EMAIL<br>"secretone4u@juno.com" THAT IS STORED AT<br>PREMISES OF JUNO ONLINE SERVICES, INC. | )<br>)<br>)<br>)<br>)<br>)<br>)    5:17-MJ-468<br>Case No. 0224-17-CID452-009611 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
Email account "secretone4u@juno.com" that is stored at premises owned, maintained, controlled, or operated by company Juno Online Services, Inc. headquartered at 21255 Burbank Blvd. Suite 400, Woodland Hills, CA 91367

located in the _____Central_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized):*
Any child pornography offense to include the possession, receipt, or distribution of child pornography, to include any communications between co-conspirators to possess, receive, or distribute child pornography, or any conspiracy to produce child pornography.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Uniform Code of Military Justice, Article 134; 10 U.S.C. 934 | Possessing, Receiving or Viewing Child Pornography; Distributing Child Pornography |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Judd A. Leinum, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: Oct. 18, 2017 ATB

City and state: Syracuse, NY

_____
Judge's signature

Mr. Andrew T. Baxter, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH JUNO EMAIL "secretone4u@juno.com" THAT IS STORED AT PREMISES CONTROLLED BY JUNO ONLINE SERVICES, INC. | 5:17-MJ-468<br>Case No. 00224-17-CID452-009611 |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Judd Leinum, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Juno Online Services, Inc. a United Online Company (hereafter "Juno") to disclose to the government records and other information, including the contents of communications, associated with the above-listed Juno email address that is stored at premises owned, maintained, controlled, or operated by Juno, a company headquartered at 21255 Burbank Blvd. Suite 400, Woodland Hills, CA 91367. The information to be disclosed by Juno and searched by the government is described in the following paragraphs and in Attachments A and B.

2. I am a Special Agent with the U.S. Army Criminal Investigation Command (USACIDC), and have been since April 2016. As such, I am an investigative or law enforcement officer of the United States within the meaning under 28 Code of Federal

1

Regulation (CFR), Section 60.3(a)(2), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses included in Title 10, United States Code (USC) and the Uniformed Code of Military Justice (UCMJ). In addition, USACIDC Special Agents are included in 28 CFR, Part 60 amongst the federal law enforcement officers authorized to seek and execute federal warrants under 18 USC § 3105.

3.     I have been a law enforcement officer for nearly 18 months. I was a Criminal Investigator Student Intern for the U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations for approximately one year prior to my current employment as a Special Agent with USACIDC.

4.     As a USACIDC Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 10 USC and UCMJ criminal offenses, including offenses related to the sexual exploitation of minors, specifically those involving the possession, distribution, and receipt of child pornography, in violation of UCMJ, Article 134.[1] I have a Bachelor's of Science degree in Criminology and a Master of Arts degree in Criminal Justice. I also am a Certified Fraud Examiner credentialed through the Association of Fraud Examiners effective February 2015. I have completed the Criminal Investigation Division Special Agent Course (CIDSAC) at the United States Army Military Police School in Fort Leonard Wood,

---

[1] Article 134 of the UCMJ, also known as 10 U.S.C. § 934, "criminalizes, for purposes of general court-martials, 'all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of nature to bring discredit upon the armed forces, and crimes and offenses not capital....' 10 U.S.C. § 934. The possession of child pornography is a violation of § 934." *United States v. Reppert*, 76 F. Supp. 2d 185, 187 (D. Conn. 1999)

2

MO. During CIDSAC, and subsequent training, I received instruction on conducting online child pornography investigations. I have also been the affiant for and participated in the execution of multiple search warrants in child pornography and child exploitation investigations.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts as set forth in this affidavit, there is probable cause to believe that the information described in Attachment A contains evidence, contraband, instrumentalities, and/or fruits of violations of UCMJ, Art 134, that is, the possession, receipt, and distribution of child pornography, as described in Attachment B.

## **PROBABLE CAUSE**

7. On May 23, 2017, this office was notified by Senior Investigator (S/INV) Karl D. Stonebarger, Computer Crime Unit, New York State Police, that SGT Kyle R. Forte, 99024A Mountain View Drive, Fort Drum, NY 13603 (SGT Forte) may be in possession of Child Pornography.

8. SA Jason M. Osterhout, this office, coordinated with S/INV Stonebarger who stated his office received a National Center for Missing and Exploited Children (NCMEC)

3

Cybertip that revealed one explicit image depicting child pornography was uploaded to Chatstep from IP address 66.67.82.151 on February 4, 2017 at 14:53 UTC. Subpoena results from Time Warner Cable, the owner of the IP address, revealed that on the date and time the image was uploaded, the IP address was assigned and owned by SGT Forte at his residence address.

9. SA Leinum reviewed the image received from NYSP pertaining as a part of the Cybertip. The image, entitled 6895d35de0bf415099b2e0723d28195c(R)-16(1).jpg, depicts a pre-pubescent female lying on her back with a penis touching her vagina and semen on her stomach and vaginal area. The female appears to be less than 6 years old.

10. On May 25, 2017 SA Leinum received a signed DA Form 3744, Affidavit Supporting Search and Seizure Authorization and 3745, Request for Search and Seizure Authorization from CPT Alison E. Evans, Military Magistrate, Office of the Staff Judge Advocate, affirming there was probable cause to conduct a search of SGT Forte's residence for all digital media that may be able to view, transmit or store explicit images of children.

11. Between 0915 and 1130, on May 31, 2017, law enforcement officers from this office led by SA Elison O. Cepeda conducted a search of SGT Forte's residence, for any and all digital media. During the search of the residence 15 pieces of digital evidence were collected, documented on Evidence Property/Custody Document (EPCD), and submitted to the Evidence Depository. The aforementioned items were forwarded to the Digital Forensic Examiner's Cell in Fort Campbell, KY for further examination on July 12, 2017.

12. On May 31, 2017, SA Leinum interviewed SGT Forte. SGT. Forte was advised of and waived his rights, and provided a verbal sworn statement wherein he admitted to possessing, receiving, and viewing numerous explicit images depicting child pornography. SGT Forte further admitted to uploading and distributing numerous explicit images to anonymous users he conversed with on Chatstep. SGT Forte stated he used his cellular telephone to access Chatstep to view and trade explicit images three to four days a week for roughly the past year. SGT Forte further stated that he utilized a Juno Mail account to store explicit images from Chatstep. SGT Forte provided the username (secretone4u@juno.com) and password for this email account and verbally consented to this office reviewing the aforementioned account.

13. S/INV Stonebarger was advised of the Juno Mail account of SGT Forte and its password. S/INV Stonebarger performed a preliminary review of the account which revealed that the account contained in excess of 100 images depicting various explicit images of child pornography.

## INFORMATION REGARDING JUNO ONLINE SERVICES, INC.

14. Juno Online Services, Juno, is an Internet service provider based in the United States and is a subsidiary of United Online, an independent public company formed by the 2001 merger of NetZero and Juno Online Services.

15. Juno provides email service to its users through email addresses at the domain name; juno.com

## **INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

16.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Juno to disclose to the government copies of the records and other information (including the content of communications and stored data) particularly described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## **CONCLUSION**

17.     Based on the forgoing, I request that the Court issue the proposed search warrant. The records sought will assist the investigation as evidence to further validate that SGT Forte is in possession of explicit images containing child pornography via his Juno Mail email account.

18.     The time period for the sought records is 1 January 2017 to the present day. The recipient is holding the records per the preservation request sent to Juno Mail on 9 August 2016.

19.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) &

6

(c)(1)(A). Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

20. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

Respectfully submitted,

_____
Judd A. Leinum
Special Agent
U.S. Army Criminal Investigation Command

Subscribed and sworn to before me on __Oct. 18_____, 201_7_

_____
MR. ANDREW T. BAXTER
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with secretone4u@juno.com (the "account") that is stored at premises owned, maintained, controlled, or operated by company Juno Online Services, Inc. headquartered at 21255 Burbank Blvd. Suite 400, Woodland Hills, CA 91367

1

## ATTACHMENT B

## Particular Things to be Seized

I.  **Information to be disclosed by Juno**

To the extent that the information described in Attachment A is within the possession, custody, or control of Juno, including any messages, records, files, logs, or information that have been deleted but are still available to Juno, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Juno is required to disclose the following information to the government, in unencrypted form whenever available, for each account or identifier listed in Attachment A:

1. All electronic communications (including e-mail text, attachments, and embedded files) stored in the subscribers account.

2. All photos, files, data, or information in whatever form and by whatever means they have been created or stored in the subscribers account.

3. Subscriber names, user names, screen names.

4. Other identities.

5. Date of account creation.

6. Internet Protocol ("IP") address at account sign-up.

2

7. Logs of IP address connections, including dates, times, and time zones and any ANI information made available.

8. Contents of Address Books.

9. Contents of private messages in the user's inbox and sent mail folders.

10. Mailing addresses, residential addresses and business addresses.

11. E-mail addresses and other contact information.

12. Telephone numbers or other subscriber number or identifier number.

13. Billing records to include information about the length of service and the types of services the subscriber or customer utilized.

14. Any other identifying information, whether such records or other evidence are in electronic or other form.

## II.   Information to be seized by the government

All information described above in Section I that constitutes contraband, fruits, evidence and/or instrumentalities of violations of UCMJ Art 134, involving the user of secretone4u@juno.com, Kyle R. FORTE, specific to the possession, receipt, and distribution of child pornography: :

a.   Any communications relating to the possession, receipt, distribution or production of child pornography, or any attempt or conspiracy to commit such offenses.

b.   All image and video files depicting minors (persons under the age of 18);

c.   All image and video files depicting individuals engaged in sexually explicit conduct, whether or not it is readily apparent that such individual is a minor;

d.   As to the image and video files described in (b) and (c), all metadata contained in the file, and IP addresses associated with the upload, download, import, transfer or access to any such file;

e.   Any communications or other information that tends to identify any child portrayed in any depiction of child pornography, and the location of that child;

f.   The identity of the person(s) who created or used the Juno Mail account, including records that help reveal the whereabouts of such person(s);

4

g. Evidence indicating how and when the account was accessed or used, to determine the chronological and geographic context of account access, use and events relating to the crime under investigation and the account subscriber;

h. Any records pertaining to the means and source of payment for services (including any credit card or bank account number or digital money transfer account information)

i. Evidence that may identify any co-conspirators or aiders and abettors, including records that help reveal their whereabouts.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Juno Online Services Inc. (Juno), and my official title is _____. I am a custodian of records for Apple Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Juno, and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

    b.    such records were kept in the ordinary course of a regularly conducted business activity of Juno; and

    c.    such records were made by Juno as a regular practice. I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____

Date                                    Signature

1